**Ashley MORGAN, Plaintiff,**

v.

**FELLINI'S PIZZA, Inc. Michael J. Tenner, and Brett Yasko, Defendants.**

No. Civ.A. 1:97–CV–3872.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 2, 1999.

---

R. Ann Grier, Denise F. Stranko, Mozley, Finlayson & Loggins, Atlanta, GA, for Plaintiff.

Marvin Dewayne Dikeman, Samuelo Robinson Arden, Webb, Carlock, Copeland, Semler & Stair, Atlanta, GA, for Fellini's Pizza.

Mark C. Harper, Findling & Harper, Atlanta, GA, for Michael J. Tenner.

## ORDER

CAMP, District Judge.

This case is before the Court on Defendant Fellini's Motion for Interlocutory Appeal [# 27–1].

## I. BACKGROUND

Plaintiff Ashley Morgan has brought suit against Defendant Fellini's Pizza for hostile environment sexual harassment pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 arising out of her alleged sexual harassment by two of her former co-workers at a Fellini's restaurant. Plaintiff also brought suit against Fellini's for negligent retention of one of her alleged harassers. In addition, Plaintiff has stated claims for assault and battery and intentional infliction of emo-

tional distress under Georgia law against Fellini's and her two former co-workers individually as a result of the alleged harassment.

Defendant Fellini's moved for summary judgment with respect to all of Plaintiff's claims against it, arguing that the evidence in the record fails to support Plaintiff's claim of sexual harassment as a matter of law and that Fellini's cannot be held accountable for the allegedly intentional torts of its employees acting outside the scope of their authority under Georgia law. On March 30, 1999, this Court entered an Order denying in part Defendant Fellini's Motion for Summary Judgment. Specifically, the Court found that genuine issues of disputed material fact exist in the record which preclude summary judgment in favor of Fellini's on Plaintiff's sexual harassment claim or her claims for intentional infliction of emotional distress and assault and battery. The Court entered judgment for Defendant Fellini's on Plaintiff's state law claim for negligent retention, however.

Fellini's now seeks leave to appeal the denial of summary judgment with respect to Plaintiff's claim of hostile environment sexual harassment. Defendant contends that it would be entitled to summary judgment on this claim under the affirmative defense set forth for employers in *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) and that this Court's refusal to extend the availability of this defense to cases involving harassment by co-workers constitutes a controlling question of law as to which there is substantial ground for difference of opinion. Fellini's contends that an immediate appeal of this issue will materially advance the ultimate termination of the litigation. As such, Defendant Fellini's asks the Court to amend its Order denying summary judgment to permit an interlocutory appeal of this issue to the Eleventh Circuit.

Because the Court finds that the refusal to extend the *Faragher* affirmative defense to this case, which involves harassment by

co-workers only, is not a controlling question of law as to which there is substantial ground for difference of opinion and that resolution of the issue regarding the affirmative defense will not advance the ultimate termination of the litigation, Defendant's motion is denied.

## II. ANALYSIS

Title 28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a ***controlling question of law*** as to which there is ***substantial ground for difference of opinion*** and that an immediate appeal from the order may ***materially advance the ultimate termination of the litigation,*** he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . .

(emphasis added). As Defendant Fellini's concedes, this Court's Order denying summary judgment with respect to Plaintiff's claims of sexual harassment is not appealable under any other section of 28 U.S.C. § 1292. Thus, the Court must make the findings set forth in § 1292(b) in order to permit Defendant Fellini's to appeal the denial of summary judgment in its favor.

In denying summary judgment for Defendant Fellini's on Plaintiff's claims of sexual harassment, the Court clarified the standard of liability and the burden of proof that would apply to Plaintiff's claims as a result of some confusion in the Parties' pleadings with respect to these issues. Specifically, the Court noted that Plaintiff will bear the burden of proving that Defendant Fellini's is liable for the alleged harassment by her two co-workers. Because Plaintiff failed to assert that any of the alleged sexual harassment was perpetrated by supervisory personnel at Fellini's, the Court found that Plaintiff could

not obtain the presumption in her favor outlined in *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) that Fellini's is indirectly liable for the harassment at issue. As a necessary corollary to this finding, the Court held that the affirmative defense available to defendant employers in cases where such a presumption in favor of the plaintiff does apply would not be available to Fellini's in this case.

Fellini's contends that the Court should have extended the *Faragher* presumption in favor of Title VII plaintiffs seeking redress for sexual harassment by supervisors to this case involving harassment by non-supervisory co-workers and, thus, should have applied the accompanying affirmative defense in analyzing Fellini's motion for summary judgment. Fellini's argues that it would be entitled to summary judgment on Plaintiff's sexual harassment claim under the affirmative defense set forth in *Faragher* and that the Court's failure to apply the *Faragher* framework constitutes a controlling question of law which could materially advance the termination of the litigation in favor of Fellini's. The Court finds that the application of the traditional burden of proof to Plaintiff's claim of sexual harassment by her co-workers is not a controlling question of law as to which there is substantial ground for difference of opinion and that the appeal of this issue will not materially advance the termination of the litigation for several reasons.

 First, the Court notes that the *Faragher* decision dramatically changed the law with respect to an employer's liability for hostile environment sexual harassment in favor of Title VII plaintiffs. An employer may be held liable for hostile environment sexual harassment perpetrated by its employees either directly or indirectly. *See e.g., Nuri v. PRC, Inc.*, 13 F.Supp.2d 1296, 1303 (M.D.Ala.1998). An employer is indirectly or vicariously liable for the wrongful conduct of its agents regardless of the employer's knowledge of the conduct at issue if the agents are acting within the scope of their employment in engaging in the wrongful conduct. *Faragher*, 118 S.Ct. at 2286. As a matter of general agency law, it has long been presumed that a supervisor does not act within the scope of his employment when he engages in harassing conduct, but rather is attempting to achieve some personal end as opposed to a purpose authorized by the employer. *Faragher*, at 2286–87; *Nuri*, 13 F.Supp.2d at 1303. Prior to *Faragher*, therefore, employers were not subject to vicarious liability for harassment by supervisors and plaintiffs generally were required to prove direct liability for hostile environment sexual harassment, i.e., that the employer knew, or upon reasonable diligent inquiry, should have known of the harassment and failed to take immediate and appropriate corrective action. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 72, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (holding that Title VII does not make employers "always automatically liable for sexual harassment by their supervisors."); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 2267, 141 L.Ed.2d 633 (1998) ("Negligence sets a minimum standard for employer liability under Title VII."); *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir.1982).

In *Faragher*, the Supreme Court noted that an employer could be liable for the torts of its employees acting outside the scope of their employment, not only when the employer is directly negligent, but also when the agency relationship between the employer and the harassing employee aids the harasser in accomplishing the wrongful conduct. As noted by Defendant Fellini's, the Court found that the mere existence of an agency relationship between the employer and every employee would be insufficient to cause vicarious liability; otherwise an employer would be subject to indirect liability for all harassment, including co-employee harassment. *Faragher*, 118 S.Ct. at 2290–91. Instead, the Court found that the responsibility and authority vested in supervisory personnel, as opposed to regular employees, aided a sexual

harasser in accomplishing his wrongful conduct. *See Faragher*, 118 S.Ct. at 2291 ("When a fellow employee harasses, the victim can walk away or tell the offender where to go, but it may be difficult to offer such responses to a supervisor, whose 'power to supervise—[which may be] to hire and fire, and to set work schedules and pay rates—does not disappear ... when he chooses to harass through insults and offensive gestures rather than directly with threats of firing or promises of promotion.' "). Thus, the Court changed the traditional presumption against vicarious liability which required plaintiffs to show direct liability for harassing conduct and held that an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. *Id.* at 2293.

This eliminated the plaintiff's longstanding burden to show that the employer was negligent or that the employer knew or should have known of the offensive conduct. In order to "square" this ruling with the Court's prior holding in *Meritor* that an employer is not "automatically liable" for sexual harassment by supervisory personnel, the Supreme Court found that an employer could raise an affirmative defense to such vicarious liability in cases where no tangible employment action is taken. *Id.* at 2293. The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Id.*

■ As found by the Court in denying Defendant Fellini's motion for summary judgment, the standard set forth in *Faragher*, according to the clear language and analysis of the Supreme Court, has no application to Plaintiff's claims in this case that she was harassed by two of her co-workers with no supervisory authority whatsoever. This finding requires Plaintiff to bear the burden of proving that Fellini's is directly liable for the alleged harassment as a result of its own negligence—i.e., that Fellini's knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action. Defendant Fellini's seeks to appeal this ruling to the Eleventh Circuit claiming it is entitled to the affirmative defense set forth in *Faragher*.

As demonstrated by the foregoing analysis, the Court's finding that the *Faragher* framework does not apply to this action placed the greater burden on Plaintiff to provide proof of her claims against Defendant. A ruling that *Faragher* applies would eliminate Plaintiff's burden of proof with respect to employer liability and would shift that burden to Defendant Fellini's to prove an affirmative defense to liability. Thus, the Court's clarification of the standard applicable to Plaintiff's claims in this case, if anything, operates in favor of Defendant Fellini's by placing a greater onus on Plaintiff to prove liability.

■ Furthermore, the applicability of *Faragher* to this action, while important with respect to the controlling burdens of proof and standards of liability, did not affect the outcome of Defendant Fellini's motion for summary judgment. While Defendant Fellini's argues that it would be absolutely entitled to summary judgment under the affirmative defense set forth in *Faragher*, it is clear that summary judgment would have been inappropriate under that standard for the same reasons outlined in the Court's denial of summary judgment under the traditional direct liability standard. As noted above, the *Faragher* defense comprises two necessary elements: (a) that the employer exercised ***reasonable care*** to prevent and correct promptly any sexually harassing behavior; and (b) that the plaintiff employee ***unreasonably failed*** to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher*, 118 S.Ct. at 2293

(emphasis added). Like the traditional negligence standard of direct liability, the affirmative defense requires an inquiry into the reasonable nature of both the employer's and employee's conduct. Indeed, courts have noted that the affirmative defense established by *Faragher* is very much like the previous standard which insulated an employer from direct liability where the employer has adopted "an anti-discrimination policy that is comprehensive, well-known to employees, vigorously enforced, and provides alternative avenues of redress." *See e.g., Nuri v. PRC, Inc.,* 13 F.Supp.2d 1296, 1307 (M.D.Ala.1998) (citing *Farley v. American Cast Iron Pipe Co.,* 115 F.3d 1548, 1554 (11th Cir.1997)).

Under the *Faragher* framework, Defendant Fellini's would bear the burden of proving that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior by enacting its anti-discrimination and harassment policy and that Plaintiff failed to exercise reasonable care to utilize the preventive measures offered by her employer. As a result of the evidence in the record regarding the limited nature of Fellini's anti-discrimination and harassment policy and the reasonableness of Plaintiff's failure to utilize it—which was discussed at length in this Court's Order denying summary judgment—fact questions would have precluded summary judgment for Defendant under the plaintiff favorable *Faragher* standard just as clearly as under the direct liability standard applied by the Court. *See Nuri,* 13 F.Supp.2d at 1308 (finding that verdict for plaintiff was supported under new *Faragher* standard for the same reasons that it was supported under traditional standards of direct liability and noting that the *Faragher* standard, at the very minimum, would have switched the burden from the plaintiff to the defendant, giving the plaintiff another viable means of establishing the defendant's liability that was not previously available).

Indeed, the conclusion of the *Faragher* Court itself demonstrates the inaccuracy of Defendant's argument in this case that the affirmative defense provides absolute immunity for employers that have adopted an anti-harassment policy. While the City of Boca Raton had adopted a city-wide sexual harassment policy in *Faragher,* the Supreme Court found that the City's failure to disseminate the policy to all employees or to provide assurance that harassing supervisors could be bypassed in registering complaints made the affirmative defense unavailable as a matter of law. *Faragher,* at 2293. As the Court has made clear in denying summary judgment for Fellini's in this case, a reasonable jury may indeed find that the anti-discrimination policy adopted by Defendant Fellini's in the instant case is sufficient to insulate it from liability for Plaintiff's claims. Given the disputed evidence in the record regarding the dissemination and enforcement of the policy, however, summary judgment is not appropriate under the traditional standard employed by the Court in this case or the affirmative defense announced in *Faragher.*

Because the application of *Faragher* to this case would serve only to increase the burden of proof on Defendant Fellini's and because the application of this standard would not change the outcome of Defendant's motion for summary judgment in this case, the Court finds that the question of the applicability of the *Faragher* defense is not a controlling question of law, the immediate appeal of which could materially advance the ultimate termination of the litigation. Given the clear analysis of the Supreme Court in *Faragher* dictating its application to cases involving supervisory harassment only and the current binding precedent of the Eleventh Circuit, the Court also finds that there is no substantial ground for difference of opinion concerning the applicability of *Faragher* to this case. In light of the Court's finding that the question sought to be appealed is not controlling, however, the Court need not address this further. Accordingly, the Court declines to certify its order denying

summary judgment on behalf of Fellini's for appeal pursuant to 28 U.S.C. § 1292(b).

## III. CONCLUSION

Based upon the foregoing, Defendant Fellini's Motion for Interlocutory Appeal [# 27–1] is **DENIED.** The Parties are **HEREBY DIRECTED** to submit a proposed Pre-trial Order within 30 days from the date of this Order. This matter is **HEREBY REMANDED** to the Magistrate Judge for further proceedings.